**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3597
_____

ZHAOJIN DAVID KE,
                              Appellant

v.

EDINBORO UNIVERSITY OF PENNSYLVANIA; FRANK POGUE;
JANET DEAN; TERRY SMITH; RIVA SHARPLES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-08-cv-00268)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 28, 2013)
_____

OPINION
_____

PER CURIAM

        Zhaojin David Ke appeals from the District Court's order denying his motion for a

new trial.  For the reasons set forth below, we will affirm.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Ke, a native of China, was an assistant professor in the Department of English and Theatre Arts at Edinboro University of Pennsylvania (the "University"). In 2007, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the University unlawfully discriminated against him on the basis of his race in denying him opportunities for promotion and tenure. He then filed a second charge of discrimination claiming that his employment contract was not renewed by the University in retaliation for his first EEOC complaint.

After receiving a right to sue letter in 2008, Ke filed a complaint against the University and several University officials (collectively, the "University Defendants"), alleging violations of Title VII of the Civil Rights Act, the Fourteenth Amendment, the Pennsylvania Human Relations Act, and the Pennsylvania Constitution. The University Defendants received a partial grant of summary judgment, and Ke's claims as to whether the University discriminated against him on the basis of his race by denying him tenure and whether the University retaliated against him for filing a charge of discrimination with the EEOC proceeded to a jury trial. The jury rendered verdicts in favor of all of the University Defendants. (Dkt. No. 111.) Ke's motion for a new trial was denied (Dkt. No. 124) and he timely appealed (Dkt. No. 126).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] The District Court denied Ke's motion for reconsideration, which was filed after his notice of appeal. Ke did not file a new or amended notice of appeal, and so the denial of his motion for reconsideration is not before us. See Fed. R. App. P. 4(a)(4)(B)(ii).

2

Ke primarily appeals from the District Court's denial of his motion for a new trial, arguing that the jury's verdict was against the weight of the evidence. (Appellant's Br., pp. 1-2.) We review a district court's decision whether to grant a new trial on the basis that the verdict is against the weight of the evidence for abuse of discretion. Greenleaf v. Garlock, Inc., 174 F.3d 352, 365 (3d Cir. 1999). This deferential review is employed because the "district court was able to observe the witnesses and follow the trial in a way that we cannot replicate by reviewing a cold record." Id. at 366. A new trial is proper only if the record shows that the jury's verdict resulted in a "miscarriage of justice" or where the verdict "cries out to be overturned or shocks our conscience." Id.

The District Court's painstakingly detailed opinion denying Ke's motion systematically sets forth the evidence adduced at trial, which was more than sufficient to support the jury's findings. (Dkt. No. 124, pp. 11-15.) We need not repeat the District Court's thorough analysis here. Suffice it to say that, for the reasons stated by the District Court and based on our review of the record, we agree that Ke cannot meet the heavy burden of proving that the jury's verdict was against the weight of the evidence. The District Court did not abuse its discretion in denying Ke's motion for a new trial.

We have reviewed Ke's remaining arguments and find them to be without merit. We will, therefore, affirm the decision of the District Court. All pending motions are denied.